IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

ROBERT PEREZ,

    Plaintiff,

v.                                            CIVIL ACTION NO. 3:08-1252

CORPORAL TUSING,
of the Putnam County Sheriffs Dept.,

    Defendant.

## FINDINGS AND RECOMMENDATION

    The plaintiff, Robert Perez, who was apparently the subject of a criminal investigation involving a charge that he left the scene of an accident, has filed an "Emergency Petition" asserting that the defendant, Corporal Tusing of the Putnam County Sheriff's Department, omitted "certain material fact" from his police report. Perez states that there is "reason to believe" that "evidence tampering exists" which threatens his constitutional right "in any future criminal or civil case." Citing 28 U.S.C. §§ 1331 and 1441, he asks the court to "assume the legal jurisdiction from Putnam County Magistrate or Circuit Court concerning or in relation to Robert M. Perez ... ." Filings by plaintiff after his petition indicate that, in fact, criminal charges have been filed against him in Magistrate Court in Putnam County. The case is presently pending before the Court on plaintiff's application and affidavit seeking leave to proceed in forma pauperis under the provisions of 28 U.S.C. § 1915.

Examination of the application and affidavit submitted in support of the request to proceed in forma pauperis establishes that plaintiff is indigent and entitled to proceed herein without prepayment of fees. As a consequence of the fact that plaintiff proceeds in forma pauperis, and in accordance with the requirements of 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss the case if it determines that the action is "frivolous or malicious" or the complaint "fails to state a claim on which relief may be granted." Examination of the complaint satisfies the Court that dismissal is required under these criteria.

Removal under the provisions of 28 U.S.C. § 1441 is clearly not authorized inasmuch as there is no "civil action brought in State court." Moreover, nothing alleged implicates removal under the provisions of 28 U.S.C. § 1443 which, in limited circumstances, authorizes removal of civil actions or criminal prosecutions.[1] Plaintiff's remedy for the matters he complains of can be sought in magistrate court and, if necessary, on appeal from that court. This Court, however, is simply without jurisdiction to entertain his petition.

## RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's application to proceed in forma pauperis be granted, that his letter form motion filed November 3, 2008, his amended emergency motion, filed November 19, 2008, and his letter form motion filed November 25, 2008 be denied, and that his petition and this action be dismissed.

---

[1] The removal of a criminal action is "limited to cases in which the charged conduct clearly enjoys federal protection." State of South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971).

Plaintiff is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provision of Rule 72(b), Fed.R.Civ.P., the parties may, within fourteen days of being served with a copy of the Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Findings and Recommendation and mail a copy of the same to plaintiff.

DATED: March 31, 2010

*[signature]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE